UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOTECH TECHNOLOGY
DEVELOPMENT, INC.,

Plaintiff/Counter-Defendant,

vs.

CLASSIC SOFT TRIM, INC.
a/k/a ROAD WIRE, et al.,

Defendants/Counter-Plaintiffs.
_____/

CIVIL ACTION NO. 07-CV-13719

DISTRICT JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS/COUNTER-PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF PLAINTIFF/COUNTER-DEFENDANT AUTOTECH'S PRINCIPALS AND EXPERT (DOCKET NO. 45)

This matter comes before the Court on Defendants/Counter-Plaintiff's Motion To Compel Depositions Of Plaintiff/Counter-Defendant Autotech's Principals And Expert filed on October 8, 2008. (Docket no. 45). Plaintiff filed a Response to Defendants' Motion To Compel Plaintiff's Principals And Expert Depositions And Brief In Support on October 27, 2009. (Docket no. 51). Defendants filed a Reply Argument To Plaintiff's Response To Defendants' Motion To Compel Plaintiff's Principals And Expert Depositions on November 3, 2008. (Docket no. 53). This motion was referred to the undersigned for decision. (Docket no. 47). The parties filed a Joint Statement Of Unresolved Issues on November 17, 2008 and the Court heard oral argument on this matter on November 25, 2008. (Docket no. 56). The motion is now ready for ruling.

Defendants seek to compel the depositions of Plaintiff's personnel and experts: Fred Nader, Kent Anderson, Aric Rusk, Shawn Parys, John Klein (together the "Proposed Deponents"), and Plaintiff's proposed economic damages expert. (Docket no. 45). On April 16, 2008 Defendants

served Notices of Taking Duces Tecum Depositions of the Proposed Deponents[1]. Defendants provided the Court with copies of emails and letters exchanged in March and April 2008 in which Defendants sought mutually convenient deposition dates for the Proposed Deponents. Defendants allege that Plaintiff did not provide deposition dates. In September 2008 Defendants resumed their request for deposition dates from Plaintiff, including for the first time seeking a deposition date for Plaintiff's economic damages expert. (Docket no. 45 Ex. J). Defendants argue that Plaintiff has not provided deposition dates. Defendants filed this motion seeking to compel the depositions.

As an initial matter, on May 28, 2008, following other discovery disputes in this matter, the Court entered the parties' Stipulated Order Addressing Discovery Issues, And Amending Scheduling Order. (Docket no. 34). Under the Stipulated Order, the deadline to complete discovery was October 12, 2008. (Docket no. 34). "Discovery motions must be filed by September 12, 2008, for all discovery disputes and issues which are readily apparent by September 1, 2008." (Docket no. 34). "Discovery motions may be filed through the end of discovery for discovery disputes that do not become readily apparent by September 1, 2008." (Docket no. 34). Defendants filed this motion on October 8, 2008, after the September 12, 2008 deadline. In email correspondence dated September 10, 2008 between Plaintiff's counsel and Defendants' counsel, Plaintiff's counsel stated that they were "getting dates" for the depositions. (Docket no. 45 Ex. K). The dispute about these

---

[1] Fred Nader on Friday, April 25, 2008 at 9:00 a.m.
Kent Anderson on Thursday, May 1, 2008 at 9:00 a.m.
Aric Rusk on Thursday, May 1, 2008 at 12:00 p.m.
Shawn Parys on Friday, May 2, 2008 at 9:00 a.m.
John Klein on Friday, May 2, 2008 at 12:00 p.m.

2

depositions did not arise anew until after September 1, 2008. Therefore, Defendants' motion to compel was timely filed prior to the October 12, 2008 close of discovery. (Docket no. 34).

First, Plaintiff argues that Defendants did not properly renotice the depositions after serving the April 2008 notices and in light of the May 28, 2008 Stipulated Order. Rule 30(b)(1), Fed. R. Civ. P., provides that "[a] party who wants to depose a person by oral questions must serve reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1).

In this matter, Defendants served deposition notices for the Proposed Deponents in April 2008. In May 2008 the Court entered the Stipulated Order which addressed the sequence in which the depositions would occur. Defendants did not revisit the issue of the depositions again until September. Arguably, the prior notices no longer served the purpose of a written notice pursuant to Rule 30(a), Fed. R. Civ. P. *See generally Associated Transport, Inc. v. Riss & Co., Inc.*, 8 F.R.D. 99 (N.D. Ohio, 1948) (The purpose of Rule 30(a), is plainly to give a party full notice of the time and place that a deposition is to be taken. . . . There is nothing in the Rules to indicate that one written notice satisfies the requirements even though the deposition is not taken until a later date.).

The correspondence between the parties, however, shows that in September Plaintiff was securing deposition dates for the deponents. Defendant timely filed this motion and there is no prejudice to the parties by ordering the depositions to go forward at this point. Although this is a matter which should have been easily resolved by the parties, they have sought the Court's intervention. Therefore, the Court will order Defendants to notice the depositions of the Proposed Deponents for the dates agreed to by the parties and order Plaintiff to produce the Proposed Deponents.

There is no evidence that Defendants provided written notice of the deposition of Plaintiff's economic damages expert. Defendants sought deposition dates for Plaintiff's economic damages expert by way of Defendants' counsel's September 9, 2008 email. (Docket no. 51-14). The Stipulated Order provides that all expert depositions shall be completed by November 12, 2008 and Defendant sought the expert's deposition date and filed its Motion to Compel prior to the November 12, 2008 deadline. (Docket no. 34). The Court will grant Defendants additional time to notice and take the deposition of Plaintiff's economic damages expert. Defendants will serve written notice of the deposition of Plaintiff's economic damages expert on or before December 5, 2008 for a mutually convenient date and time to be concluded no later than January 16, 2009 and Plaintiff will produce the expert for deposition.

Plaintiff also argued that Defendants seek to depose these individuals out of Plaintiff's suggested discovery sequence and the Court ordered-sequence. As of May 28, 2008 the Stipulated Order set forth a sequence for the depositions. It states that "[t]he depositions of Aric Rusk, Kent Anderson, Fred Nader, Shawn Parys and John Klein (as individuals or any organization designees) shall be conducted subsequent to the Rule 30(b)(6) depositions of the current Defendants and the completion of the individual depositions of Aaron Forrister and Dwight Forrister." (Docket no. 34); see also Fed. R. Civ. P. 26(d)(2)(A)-(B). Pursuant to the Stipulated Order, the depositions which Defendants seek were to take place *after* the completion of the depositions of Aaron Forrister and Dwight Forrister and the Rule 30(b)(6) depositions of the current Defendants, as noticed by Plaintiff. (Docket no. 34).

Plaintiff originally noticed the depositions of Aaron Forrister and Dwight Forrister and the 30(b)(6) depositions for August 26-29, 2008 beginning at 9:30 a.m. on August 26. (Docket no. 51,

4

51-10). On Friday, August 22, 2008 Defendants' counsel notified Plaintiff's counsel that the Defendants, their principals and attorneys would not be attending the August 26 and 27 depositions. (Docket no. 51, 51-12). The depositions of Dwight Forrister and Aaron Forrister went forward on August 28 and 29, 2008 and Plaintiff's counsel states that he was not able to finish their individual depositions or their Rule 30(b)(6) depositions. Plaintiff's counsel concedes that he cross examined Dwight Forrester for nearly 7 hours and did not conclude Aaron Forrister's deposition. The parties argued this issue in full at the hearing. Defendants agreed to produce Aaron Forrister and Dwight Forrister in Michigan to complete their individual and Rule 30(b)(6) depositions. The Court will order Defendants to continue the depositions of Dwight Forrister and Aaron Forrister in their individual capacity and as the designated 30(b)(6) deponents for Defendant entities Distinctive Industries of Texas, Inc., Distinctive Industries (California) and Classic Soft Trim, Inc.

**IT IS THEREFORE ORDERED** that Defendants/Counter-Plaintiffs' Motion To Compel Depositions Of Plaintiff/Counter-Defendant Autotech's Principals And Expert (docket no. 45) is granted in part and the depositions at issue will take place in Michigan on the following dates as agreed to by the parties:

- a. John Klein and Aric Rusk on Tuesday, December 9, 2008 for one half day each, the first deposition will commence at 9:00 a.m.;
- b. Fred Nader on Wednesday, December 10, 2008 at 9:00 a.m. for a full day;
- c. Kent Anderson and Shawn Parys on Monday, December 15, 2008 for one half day each, the first deposition will commence at 9:00 a.m.; and
- d. Aaron Forrister and Dwight Forrister on December 29 and 30, 2008 concluding their individual depositions and their Fed. R. Civ. P. 30(b)(6) depositions for the Defendant entities, the depositions will commence at 9:00 a.m. each day.

**IT IS FURTHER ORDERED** that Plaintiff will renotice in writing the depositions of Aaron Forrister and Dwight Forrister and Defendants will renotice in writing the depositions of Nader,

5

Klein, Rusk, Anderson and Parys in accordance with Fed. R. Civ. P. 30. The herein-named depositions will continue to completion in compliance with Fed. R. Civ. P. 30(d).

**IT IS FURTHER ORDERED** that Defendants will serve on or before December 5, 2008 written notice of deposition of Plaintiff's economic damages expert for a mutually convenient date and time to be concluded no later than January 16, 2009 and Plaintiff will produce the expert for deposition.

**IT IS FURTHER ORDERED** that the Stipulated Order (docket no. 34) is amended to extend the discovery deadline to January 16, 2009 for the limited purpose of completing the depositions as set forth herein and extend the dispositive motion filing cut-off date to January 30, 2009.

**IT IS FURTHER ORDERED** that Defendants/Counter-Plaintiffs' Motion To Compel Depositions is denied to the extent it seeks attorneys fees and costs. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 02, 2008        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

    I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 02, 2008                s/ Lisa C. Bartlett
                                                 Courtroom Deputy


**PROOF OF SERVICE**

    I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: December __, 2008                ____
                                                 Courtroom Deputy